UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT ALFONSO,

               Plaintiff,

vs.                                 Case No. 2:07-cv-76-FtM-29SPC

UNITED STATES OF AMERICA; UNITED
STATES COAST GUARD; DEPARTMENT OF
HOMELAND SECURITY; UNITED STATES
DEPARTMENT OF THE ARMY; JOHN DOES,

               Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on the United States' (defendant) Motion to Dismiss or, In The Alternative, For Summary Judgment (Doc. #24) filed on November 19, 2007. Plaintiff filed a Response (Doc. #31) on January 14, 2008. With leave of Court, defendant filed a Reply (Doc. #34) and a Supplemental Brief (Doc. #45), and plaintiff a Surreply (Doc. #37).

**I.**

Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint; the court takes the allegations in the complaint as true, and the complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be

proved consistent with the allegations.  Morrison, 323 F.3d at 924 n.5.  In a factual attack motion, the court is not limited to the facts alleged in the Complaint, but may consider extrinsic evidence such as testimony and affidavits as long as the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.  Morrison, 323 F.3d at 924-25; Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  Defendant in this case mounts a factual attack on the Complaint.

## II.

The undisputed underlying facts are as follows:  In August of 2005, Roberto Alfonso (Alfonso or plaintiff) and his family leased a beach house on Fort Myers Beach.  On August 18, 2005, plaintiff launched his personal water craft (PWC) from the public marina at Lovers Key, located northeast of the beach house, and drove it through the San Carlos Pass.  Plaintiff used navigational aids, commonly referred to as buoys.  While using the buoys, plaintiff ran aground of a sandbar and was ejected from his PWC thereby suffering severe injuries.  (Docs. ## 1; 24-2.)

Plaintiff filed the instant one count complaint asserting that defendant was negligent in establishing and maintaining appropriate navigational aids marking a sandbar.  (Doc. #1, 10.)  Plaintiff asserts that this Court has original jurisdiction under the Federal Tort Claims Act (FTCA) and the Suits in Admiralty Act (SAA).  (Doc. #1, 4.)

**III.**

Defendant's Motion to Dismiss asserts that the Complaint should be dismissed because "[t]he United States is immune from suit in this case as the decision to establish aids to navigation falls in the discretionary function exception to its waiver of sovereign immunity" under the SAA and the FTCA. (Doc. #24-2, p. 1.)

**(1)**

Federal courts may exercise subject matter jurisdiction over an action against a federal agency only if the United States has consented to be sued by waiving sovereign immunity. United States v. Mitchell, 463 U.S. 206, 212 (1983). The FTCA and the SAA waive the sovereign immunity of the United States for certain torts committed by the government or its employees. See 28 U.S.C. § 1346 and 46 U.S.C. § 30903. However, that waiver is not without exceptions. The discretionary function exception limits the federal government's waiver of sovereign immunity. 28 U.S.C. § 2680(a). The Eleventh Circuit had held that the discretionary function exception, which is expressed in the FTCA, 28 U.S.C. § 2680(a), also applies to the SAA. See Mid-South Holding Co. v. United States, 225 F.3d 1201, 1203-04 (11th Cir. 2000).

The discretionary function exception prevents a plaintiff from asserting a tort claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty

on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Id. The purpose of the exception is "to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy." United States v. Gaubert, 499 U.S. 315, 323 (1991)(internal quotations omitted).

The Supreme Court has developed a two-part test to determine whether the discretionary function exception bars a particular tort claim. Gaubert, 499 U.S. at 324-25. First, the challenged conduct must "involve an element of judgment or choice, and it is the nature of the conduct, rather than the status of the actor" that governs whether the exception applies. Gaubert, 499 U.S. at 322 (internal citations and quotations omitted). The exception will not apply if a court determines that a statute or regulation "specifically prescribes a course of action for an employee to follow." Miles v. Naval Aviation Museum Found., 289 F.3d 715, 721 (11th Cir. 2002)(citing Gaubert, 499 U.S. at 322).

Second, a court must decide "whether that judgment is of the kind that the discretionary function exception was designed to shield." Gaubert, 499 U.S. at 322. The focus is on "the nature of the actions taken and on whether they are susceptible to policy analysis." Id. at 325. Review is not limited to judgments made at the policy or planning level but includes day-to-day management and

operations decisions.  <u>OSI, Inc. v. United States</u>, 285 F.3d 947, 950 (11th Cir. 2002).

**(2)**

Plaintiff concedes that the placement of navigational aids, such as buoys and markers, is subject to the discretionary function exception.  (Doc. #31, pp. 10-11.)  However, Plaintiff contends that the discretionary function exception is inapplicable in this case because the Coast Guard undertook the responsibility of placing the buoys he utilized, and thus had a duty to exercise reasonable care.  (Doc. #31, p. 10.)  Plaintiff asserts that had the Coast Guard left the sandbar unmarked there would be no basis for liability.  (Doc. #31, p. 12.)  In other words, the cause of action is not one stemming from a failure to act, but from the Coast Guard's negligence once they chose to act.  Plaintiff also asserts that "when the unreliability of a particular aid to navigation is attributable to negligence on the part of the Coast Guard in placing or maintaining it, it has been held the United States is liable for the negligence of its servants."  (Doc. #31, p. 11.)

In response, the government submitted the declaration of United States Coast Guard Lt. Fogle, which states in relevant part:

> The Coast Guard did not establish and does not maintain any of the aids to navigation in Big Carlos Pass, its channel or the waters of Estero Bay toward Lovers Key.
>
> The buoys located close to the beach along the Gulf of Mexico shore of Estero Island are known as "swim buoys."

> These are the buoys to which Plaintiff Roberto Alfonso apparently referred in navigating his personal watercraft on August 18, 2005. These buoys were not established and are not maintained by the Coast Guard. They were placed by private entities to mark an area safe for swimmers. These buoys serve no navigational purpose and do not provide an indication of the depth of the water or that the area is safe for vessels to operate.

(Doc. #34-2, ¶¶ 4-5.) This information was later verified during Lt. Fogle's deposition. (Doc. #45-2, pp. 3-5.) The government asserts that in light of the fact that the buoys in question were neither established nor maintained by the Coast Guard, the only basis for liability is the Coast Guard's failure to establish aids to navigation marking the sandbar in question. (Doc. #34, p. 3.) However, as plaintiff concedes, the decision of whether to establish an aid to navigation or not, is protected by the discretionary function exception. (See id.)

The Court agrees with the defendant. Contrary to plaintiff's assertions, the record evidence establishes that the defendant did not establish or maintain the buoys that plaintiff relied on in navigating his PWC. (Doc. #45-2, pp. 4-5.) The only buoys in Big Carlos Pass, where plaintiff asserts his accident took place, are private aids, also known as "swim buoys." Furthermore, as plaintiff concedes, the decision to establish public navigational aids falls within the discretionary function exception to the FTCA and the SAA. The Court also notes that while neither party indicated whether defendant issued permits for these "swim buoys" under Title 33 of the Code of Federal Regulations, Chapter 1, Part

66, the decision to issue such a permit would also fall squarely within the discretionary function exception.  Therefore, the Court finds that it lacks subject matter jurisdiction over this case.

Accordingly, it is now

**ORDERED**:

1.   Defendant's Motion to Dismiss or, In The Alternative, For Summary Judgment (Doc. #24) is **GRANTED**.

2.   The Clerk is directed to enter judgment in favor of defendant and against plaintiff for lack of jurisdiction and terminate all pending deadlines and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this   14th   day of July, 2008.

JOHN E. STEELE
United States District Judge


Copies: Counsel of record